IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY L. VAN CANNON,

                                         OPINION AND ORDER

                Petitioner,

                                              16-cv-433-bbc
                                              08-cr-185-bbc

     v.

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Jerry L. Van Cannon has moved for post conviction relief under 28 U.S.C. § 2255, contending that he was sentenced improperly after he was convicted under 18 U.S.C. 922(g)(1) of being a felon in possession of a firearm. At his 2009 sentencing he faced a potential sentence of "not more than 10 years" that could be enhanced "to at least fifteen years" if he had three prior convictions for either a felony controlled substance offense or for violent felonies. 18 U.S.C. § 924(e)(2). Petitioner's sentence was enhanced to the minimum term of 15 years because he had one prior conviction for a serious drug offense and four prior convictions for what appeared at the time to be violent felonies, including three state court convictions for second degree burglary. Now he contends that under the Supreme Court's 2015 decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his three predicate sentences for burglary of a dwelling are not qualifying convictions that can be used to enhance his federal sentence. If he is correct, he would be entitled to

resentencing.

Petitioner is correct about his two Iowa burglary convictions, but not about his Minnesota conviction or his other two convictions. They remain qualifying convictions that support his sentencing as an armed career criminal. Accordingly, his motion for post conviction relief must be denied.

BACKGROUND

In 2009, petitioner was sentenced in this court to a sentence of 15 years after he entered a plea of guilty to being a felon in possession of a firearm, in violation of § 922(g)(1). His sentence was increased under § 924(e), the penalty provision of the Armed Career Criminal Act, 18 U.S.C. s § 921-31, after he was found to have had at least three prior convictions for either felony controlled substance offenses or violent felonies. Without the enhancement, his sentence could not have exceeded ten years. (The sentencing statement shows, erroneously, that petitioner was an armed career criminal "under [U.S.S.G.] § 4B1.4(b)," rather than under § 924(e), but this error does not affect the analysis of his sentence.)

In fact, petitioner had five previous convictions at the time of his sentencing: one for a felony controlled substance offense; a second for armed robbery; and the three for second degree burglary in Iowa and Minnesota. If, as he contends, the burglary convictions should not have been used as enhancements, he would be entitled to resentencing without an armed career criminal enhancement.

OPINION

A. Johnson Claim

At the outset, I note that petitioner's claim may be barred procedurally under 28 U.S.C. § 2255(f) because he did not bring it within one year after his judgment of conviction became final, as § 2255(f)(1) provides. However, under § 2255(f), a new filing period goes into effect for petitioners asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. If petitioner's claim arose under Johnson, as he thinks it does, his petition would be timely under this subsection because he filed it within a year of the decision in that case. (The statute sets out two other circumstances in which the statute allows filing after the first year has passed, but neither has any potential relevance to this case.)

In fact, petitioner's claim does not arise under Johnson. In Johnson, the Court was concerned with the what has been called the "residual clause" in 18 U.S.C. § 924(e)(2)(B). The subsection reads in relevant part as follows, with the residual clause italicized:

> (B) The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

A person who has three prior convictions that meet the definition of violent felony is subject to an enhanced sentence as an armed career criminal.

3

In <u>Johnson</u>, the Court held the residual clause unconstitutionally vague because it did not provide enough guidance to courts trying to determine for sentencing purposes whether a particular prior conviction was for an offense involving "conduct that presents a serious potential risk of physical injury to another." It was not clear from the clause how to estimate the risk posed by a crime or how much risk it would take for any particular crime to qualify as a violent felony. The Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to the defendant and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." <u>Johnson</u>, 135 S. Ct. 2557.

Petitioner was not sentenced under the residual clause but under the preceding clause in the same subsection, which is known as the "elements clause," and refers specifically to "burglary." <u>Johnson</u> says nothing about burglary as used in the elements clause. <u>Stanley v. United States</u>, 827 F.3d 562, 564 (7th Cir. 2016) ("<u>Johnson</u> holds that the residual clause is constitutionally vague. <u>Johnson</u> does not otherwise affect the operation of the Armed Career Criminal Act.") The court of appeals did suggest in <u>Stanley</u> that a petitioner would have been able to assert a claim under <u>Johnson</u> if he were arguing that he did not bring an earlier challenge to the clause under which he was sentenced, because "the only consequence [of prevailing on such a claim] would have been to move a conviction from the elements clause to the residual clause." <u>Id</u>. at 565. Petitioner has not made that argument. However, it is not necessary to decide the issuance of timeliness because the government has advised the court that it is not asserting any defense based on untimeliness or procedural default.

4

Instead, it argues that petitioner is not entitled to relief on the merits.

B. <u>Petitioner's Challenge to the Use of His Burglary Convictions as Predicate Offenses</u>

When petitioner was sentenced in this court in 2009 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), he had five prior convictions for crimes that appeared to be either crimes of violence or serious drug offenses that were considered enhancing crimes under § 924(e) at the time. Three of these were for crimes of burglary, in different degrees. Although burglary is an enumerated crime under the first clause of subsection (ii), which lists the specific crimes of burglary, arson, extortion or use of explosives, petitioner contends that his prior convictions for burglary do not qualify as enumerated crimes under the statute because the elements of the crimes did not match the elements of the generic version of those crimes. He is correct as to two of these crimes.

The initial question is the meaning of "burglary." This was essentially resolved in 1990, when the Supreme Court took up the question whether "the word 'burglary' in § 924(e)(2)(B)(ii) 'meant "burglary," however a state chooses to define it,'" <u>Taylor v. United States</u>, 495 U.S. 575, or whether it has a generic meaning. The Court rejected the idea of a definition that varied from state to state and chose a generic definition, which it saw as congruent with the general approach used in § 924(e)(2)(B) to designate predicate offenses by "using uniform, categorical definitions to capture all offenses of a certain level of seriousness that involve violence or an inherent risk thereof and that are likely to be committed by career offenders." <u>Id</u>. at 590. Thus, the term "burglary," as used in §

5

924(e)(2)(B)(ii) would not depend on the definition adopted by the state of but would be limited to those burglaries that "contain the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." Id. at 598 (1990).

The approach taken in Taylor was affirmed this year in Mathis v. United States, 136 S. Ct. 2243 (2016), a case in which the Court explained that "[a] crime counts as 'burglary' under the [Armed Career Criminal] Act if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an [Armed Career Criminal Act] 'burglary'---even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." Id. at 2248. The Supreme Court applied the categorical approach to determine whether the elements of the Iowa burglaries for which Mathis had been convicted matched the elements of the generic form of burglary and determined that they did not. The Iowa law did not list multiple elements disjunctively but enumerated "various factual means of committing a single element," id. at 2249, and for that reason, Mathis could not be sentenced as an armed career criminal. The Court emphasized that what mattered were only the "elements of the statute of conviction": whether the defendant made an "unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." Id. at 2252 (citing Taylor, 495 U.S. at 600).

As the Court noted in Mathis, taking the opposite approach, allowing a sentencing judge to consider the specific *facts* and not just the *elements* of a prior crime to determine

6

whether it fits under § 924(e)(2)(B)(i) or (ii), would raise Sixth Amendment concerns. It is the responsibility of the jury and not of the judge to find facts that increase a maximum penalty. Id. at 2252.

1. Defendant's 1984 and 1992 Iowa burglary convictions

In light of Mathis, 136 S. Ct. 2243, and Taylor, 495 U.S. 575, it is clear that neither of petitioner's two Iowa burglaries qualifies as a violent felony under § 924(e)(2)(B)(i). Petitioner was convicted in 1984 of burglary in the second degree under Iowa Code § 713.5 (1983), which provided at the time that "[a]ll burglary which is not burglary in the first degree is burglary in the second degree." Burglary was defined as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks into an occupied structure or other place where anything of value is kept, commits burglary.

Iowa Code § 713.1 (1982).

Before petitioner committed a second burglary in Iowa (for which he was sentenced in 1992), the Iowa legislature amended the burglary statutes to specify that the term "occupied structure" referred to "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity

7

therein, or for the storage or safekeeping of anything of value." Iowa Code § 702.12 .

As is obvious, neither version of the Iowa statutes under which petitioner was convicted complied with the holding in Mathis, 136 S. Ct. 2251, that a predicate felony offense does not qualify as a generic form of burglary under subsection (ii) of § 924(e)(2)(B) if any element of the crime of conviction is broader than an element of the generic offense. As the Court noted in Mathis: "Iowa's burglary statute . . . covers more conduct than generic burglary." Id. at 2250. It covers not only unlawful entry into a building or other structure, but applies also to unlawful entry into "an area enclosed in such a manner as to provide a place for the keeping of value secure from theft or criminal mischief," as well as any "other place where anything of value is kept." Id. "Each of the terms serves as 'an alternative method of committing the single crime' of burglary, so that a jury need not agree on which of the locations was actually involved." Id.

Looking beyond the elements of the offense to the facts of the defendant's conduct is an exploration "beyond the authority of sentencing judges, who are limited to doing no more than determining "what crime, with what elements, the defendant was convicted of." Id. at 2252. "[F]or a sentencing judge to go further would raise serious Sixth Amendment concerns"; it is the jury's responsibility to find facts that increase a maximum penalty, with the exception of the simple fact of a prior conviction. Id. Under Mathis and Taylor, petitioner's two prior Iowa convictions cannot be used to determine whether he was properly sentenced as an armed career criminal under § 924(e).

2. Petitioner's Minnesota conviction for burglary

In 2003, when petitioner was convicted of second degree burglary in Minnesota, the applicable state statute read as follows:

> Subd. 2. Burglary in the second degree. (a) Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the second degree and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both, if:
>
> (1) the building is a dwelling;
>
> (2) the portion of the building entered contains a banking business or other business of receiving securities or other valuable papers for deposit or safekeeping and he entry is with force or threat of force;
>
> (3) the portion of the building entered contains a pharmacy or other lawful business or practice in which controlled substances are routinely held or stored, and the entry is forcible; or
>
> (4) when entering or while in the building, the burglar possesses a tool to gain access to money or property.

Minn. Stat. § 609.582, Subd. 2. (2003).

Unlike the Iowa statutes at issue, the Minnesota statute applies to anyone who enters a building without consent: both the person who enters with intent to commit a crime but is caught before doing so and the person who actually commits a crime after entry. The two categories of offenders are not different in any relevant particular: in either instance, the defendant must be found to have entered with intent to commit a crime. The statute lines up with the generic version of burglary: it is a crime "containing the following elements: an unlawful or unprivileged entry into . . . a building or other structure with intent to commit

9

a crime." Mathis, 136 S. Ct. at 2248. The structure of the statute makes it plain that the four subdivisions are additional elements that must be found by the jury or admitted by the person pleading guilty before the court can find a person guilty under any particular subdivision.

Although the presentence report does not show what subdivision of the statute petitioner violated, it is undisputed that he was charged with unlawful entry into a building. Therefore, at the time of sentencing it was proper to take this prior conviction into consideration when determining whether petitioner had the three prior convictions that qualified him as an armed career criminal under § 924(e)(2)(B). Petitioner does not deny that his prior conviction for armed robbery in 1996 in Wisconsin was a crime of violence he makes only a half-hearted claim that another qualifying conviction in Iowa in 1993 for delivery of a controlled substance should not be counted. He argues only that this conviction should not count as a serious drug crime because it was a delivery of "fake drugs, but he has not explained what he means by "fake drugs" or provided any evidence to support his contention that his drug crime was not a serious drug offense under Iowa law. attorney fees in the amount of $731.00, dkt. #4

In sum, I conclude that petitioner has failed to show that he is entitled to resentencing.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of

the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.


ORDER

IT IS ORDERED that petitioner Jerry Van Cannon's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.  Further, it is ordered that no certificate of appealability shall issue.  Petitioner may seek a certificate from the court of appeals

under Fed. R. App. P. 22.

Entered this 11th day of October, 2016.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge